40 C.C.P.A. (Patents)
## Application of ANKNEY.
## No. 5985.

United States Court of Customs and Patent Appeals.

June 17, 1953.

Slough & Slough, Cleveland, Ohio (Frank M. Slough and J. Helen Slough, Cleveland, Ohio, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Associate Judges.

JACKSON, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting all of the claims 1, 2, and 7 of an application for Rotary Holders, Serial No. 77,865, filed February 23, 1949, as unpatentable over the prior art reading as follows:

| | | | | |
|---|---|---|---|---|
| Coney | 987,959 | March | 28, | 1911 |
| Chott | 1,483,158 | February | 12, | 1924 |
| Prather | 1,520,596 | December | 23, | 1924 |

The involved claims read as follows:

"1. A working material holder having a substantially solid head portion, and a socket portion, substantially solid compressible material adapted to be tightly inserted within said socket and to protrude therefrom, a stem inserted within the head portion and rigidly secured thereto a spaced distance from said socket portion.

"2. A die polishing tool or the like including a substantially solid thermalplastic head portion, a thermal-plastic socket portion integrally secured to said head portion, compressible material adapted to be wedgingly inserted within said socket, a portion of said material protruding therefrom, a stem adapted to be rigidly retained within the said head portion, said socket portion and said material having die polishing surfaces.

"7. A rotary holder having a substantially solid head portion, a stem integrally united to said head portion and projecting upwardly therefrom, a tubular portion integrally secured to said solid head portion, a plug of substantially solid compressible material adapted to be rigidly secured within said tubular portion and to protrude outwardly therefrom, said material being securely retained within said tubular portion during rotation of said rotary holder and to be manually removed therefrom when said holder is not in operative use."

As may be observed from a reading of the claims, the alleged invention is for a device comprising a holder, a plug for polishing material frictionally held within a socket, the holder being made of thermoplastic material to guard against the scarring of work when the polishing means is broken or worn so that part of the holder would be exposed. The metal stem is integrally attached to the holder, its lower end being spaced from the inner face of the socket so that the stem will not be pushed through the polishing plug and scar the work piece.

The Chott reference relates to a teeth-cleaning instrument. The patent discloses the instrument as adapted for attachment to the ordinary flexible shaft used in a dentist's engine. The instrument comprises a metallic holder for an abrasive carrying member, the holder having a head, a socket, and a stem fitted into the bore.

The Coney patent relates to a reinforcing extension chuck for use in polishing devices. There is disclosed a polishing element holder comprising a socket which is screw-threaded to a member with a small socket for insertion into a driving stem. A threaded tapered member is used to secure the element holder into the socket.

The Prather patent relates to an improvement in polishing tools and is directed to a holder for polishers, such as rag, chamois, or steel wool, and is adapted for use in a hand drill. The driving stem of the apparatus is in integral form with the plate frictionally held in a socket. A perforated plate cooperates with the frictionally held plate and the sides of the socket which hold the steel wool or other polishing means to the holder.

All of the claims were rejected as defining nothing patentable over any one of the references. It is clear that each of the cited patents discloses an abrading or polishing tool which comprises a rotatable support member upon which a socket member is mounted and a polishing element which is mounted in the socket member.

The examiner said in his statement that no invention could be seen in the mounting support of the devices in any of the cited prior art so that the supports do not enter into the supporting socket for the polishing material. In the opinion of the examiner, that expedient involved nothing more than a matter of choice involving ordinary mechanical skill.

The Board in its decision was of opinion that an inspection of the Chott reference shows that it anticipates the structure as defined in claim 1, and that the structure in claim 2 differs from that disclosed in the Chott device only in that in the claim it is set out that the head portion and socket are made from a substantially solid thermoplastic material.

With respect to claim 7, it was held by the Board to differ from the Chott disclosure in that it defines that a plug of substantially solid compressible material is securely retained in the tubular portion of the head and which could be removable by hand. It is true that in the Chott device a plug is not disclosed as the polishing element. That element is made of a solid compressible material and is removable by hand.

We are in agreement with the tribunals below that in view of the fact that thermoplastic materials, their properties and characteristics, are well known and used extensively to substitute for metal in many arts, the selection would merely involve a question of choice.

We agree, as was held below, that the form and type of material used in forming

a polishing element depends greatly upon the type of work to be polished. Surely it is well within the skill of the ordinary mechanic of the art to select the proper material as polishing means for particular work.

It is our conclusion that the claims define nothing that cannot be created by the mechanical ingenuity of the average person skilled in the art, in view of the references or any one of them.

The decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, Chief Judge.